## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DANIEL THOMAS GALLAGHER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-CV-96 RLW |
| ) | |
| BRADFORD M. COLEMAN, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented Plaintiff Daniel Thomas Gallagher, Jr. to proceed in the district court without prepaying fees and costs. The Court will grant the application and assess an initial partial filing fee of $5.96. In addition, after initial review pursuant to 28 U.S.C. § 1915(e)(2), the Court will dismiss Plaintiff's complaint without prejudice for failure to state a claim upon which relief may be granted.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2) for the six months preceding the filing of this suit. Based on this information, the Court finds Plaintiff has an average monthly deposit of $29.83. The Court will assess an initial partial filing fee of $5.96, which is twenty percent of his average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without full payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represent litigants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

**Background**

At the time Plaintiff filed his complaint, he was incarcerated at the St. Louis City Justice Center on two counts of assault first degree or attempt, two counts of armed criminal action, and one count of property damage in the first degree. On May 9, 2024, the Missouri state court found that Plaintiff lacks the mental fitness to proceed in his underlying criminal case and ordered the case to be suspended. The state court further ordered Plaintiff to be committed to the custody of the Director of the Department of Mental Health. *See State v. Gallagher*, No. 2122-CR01871-01 (22nd Jud. Cir., St. Louis City) (May 9, 2024). Plaintiff also seems to have been incarcerated on a charge of tampering with a judicial officer, resisting felony arrest, and assault in the first degree. *See State v. Gallagher*, No. 2222-CR01301 (22nd Jud. Cir., St. Louis City) (Aug. 30, 2022). In both criminal cases he was represented by Assistant Missouri State Public Defender Bradford M. Coleman.

**The Complaint**

Plaintiff brings this prisoner civil rights action pursuant to 42 U.S.C. § 1983 alleging his public defender violated his Sixth Amendment right to representation. He sues his public defender, Bradford M. Coleman, and the District Missouri State Public Defender, Matthew Mahaffey. He sues both Defendants in their individual and official capacities.

Plaintiff states that from December 21, 2021 through January 11, 2024, he has been deprived of due process and his civil liberties because his public defender has provided ineffective assistance of counsel in his underlying criminal cases. Plaintiff states that Defendant Coleman had a conflict of interest in the case, and he failed to investigate. Specifically, Plaintiff alleges Coleman did not depose any victim or witness in the case and failed to pursue available defenses. Plaintiff also alleges Coleman failed to supply the state court with Plaintiff's alibi.

Plaintiff also alleges Coleman did not properly advise him of his plea deal. He states he pled guilty to receive a sentence of time served, but he was sentenced to 364 days of incarceration. For relief, Plaintiff seeks appointment of special counsel, a declaration that his rights were violated, and an unspecified amount of monetary damages.

## Discussion

"The essential elements of a [42 U.S.C.] § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Green v. Byrd*, 972 F.3d 997, 1000 (8th Cir. 2020). A defense attorney, whether appointed or retained, does not act under color of state law, and thus cannot be liable for the alleged deprivation of constitutional rights under 42 U.S.C. § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (stating that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983"); *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990) (noting the Eighth Circuit "has repeatedly held that both retained and appointed attorneys are not liable for deprivations of constitutional rights under 42 U.S.C. § 1983 for the reason that they do not act under color of state law"); and *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) ("Public defenders do not act under color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel").

Because Defendants Coleman and Mahaffey were public defenders performing a lawyer's traditional function as counsel to Plaintiff, they were not acting under color of state law and, thus, are not subject to suit under § 1983. For this reason, on initial review, the Court will dismiss Plaintiff's lawsuit for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $5.96 by **June 17, 2024**. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's claims brought against Defendants Bradford M. Coleman and Matthew Mahaffey are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED as moot**. [ECF No. 4]

An Order of Dismissal will accompany this Memorandum and Order.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>15th</u> day of May, 2024.